SMITH, Justice.
ON MOTION OF APPELLEE TO CORRECT JUDGMENT
The opinion in this case was handed down November 27, 1967, and judgment was entered. Appellee has filed a motion to correct the judgment to conform with the opinion. We have carefully considered the motion and have concluded that it should be sustained.
The key question presented and decided on appeal in this case related to the validity of contract provisions requiring monthly payments to appellee of $750 from the Kenning-ton Estate after the death of Kennington. This Court affirmed the decree of the chancery court upholding the contract, directing the specific performance of this provision, and awarding judgment for all sums accrued and in default. We directed, *338 however, that amounts to become due in the future might be commuted and paid in a lump sum, such sum to be fixed by the chancellor after a hearing, taking into consideration appellee’s life expectancy and her likelihood of remarriage. In this respect, our decision was based upon inherent power of equity courts, in granting relief in suits for specific performance of contracts, to commute contract obligations, where necessary to avoid injustice or undue hardship, as well as upon a public policy of this State favoring the early closing of decedents’ estates, as reflected by Mississippi Code 1942 Annotated section 573 (1956), which permits the anticipation and payment of unmatured claims. It was never intended to hold that sums matured since Kennington’s death and which are in default were to be included in the commutation. Such sums became due under a provision of the contract which we have held to be valid. Appellants elected to withhold payment and defaulted. As to these sums, the hazard or contingency that they might never accrue by reason of the death or remarriage of ap-pellee, has been removed. Likewise, the underlying reason for commuting under the law, (in order that the closing of estates might not be unreasonably delayed pending maturity of future installments) vanished as to installments which have matured and are in default. “Cessante ratione, cesset ipsa lex.”
Therefore, the judgment entered following our decision should be corrected and made more specific with respect to sums which have become due since Ken-nington’s death and which are in default, as well as those which may become due prior to the death or remarriage of appellee, or the tender or payment to her of the commuted value of future or unmatured sums. As to such sums, appellee is entitled to recover the principal amount, plus interest thereon from their respective due dates at the rate of six per centum per annum until paid.
As to costs, the main thrust of the appeal was against the validity of the contract provision requiring that payments continue after Kennington’s death. However, appellants requested, as an alternative, (in the event the case should be decided against them on the main issue) that the claim be commuted so that Kennington’s Estate might be closed at a reasonably early date. On that issue, appellants were substantially successful. It is considered, therefore, that the penalty provided by Mississippi Code 1942 Annotated section 1971 (1956) should not be imposed and that an equitable division of the costs on appeal will be made by the assessment of one-half of such costs against the appellants and the other one-half against appellee.
The motion to correct judgment is sustained. It is ordered that a corrected judgment be entered herein, in accordance with our opinion, which shall:
1. Affirm the decree of the chancery court adjudging that appellee have and recover of appellants the aggregate principal amount of all monthly payments under the contract which were past due at the time of the entry of such decree, with interest thereon from the respective due dates of such payments at the rate of six per centum per annum until paid.
2. Affirm the decree of the chancery court ordering specific performance of the contract provision requiring such monthly payments to appellee to continue until she shall remarry, die or be tendered or paid by the appellants the commuted value of future or unmatured payments, such value to be determined by the chancellor after a hearing held for that purpose in accordance with the opinion in this case.
3. Remand the case to the chancery court for determination by that court of the commuted value of the future or unmatured payments in accordance with the opinion herein, and for the purpose of carrying into *339 effect the order requiring specific performance of the contract by appellants in keeping with the chancery court decree, until appellee shall remarry, die or be paid or tendered the said commuted sum.
4. Provide that appellee shall have and recover the said amounts accrued and the interest thereon from appellants and their bondsmen on appeal, jointly and severally.
5. Adjudge costs on appeal one-half against appellee and the other one-half against appellants and their bondsmen on appeal.
Motion of appellee to correct judgment sustained.
All Justices concur, except BRADY, J., who took no part.